# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# LEXINGTON DIVISION

**CIVIL ACTION NO. 05-274-JBC**

**ARTHUR E. GENTON, II, ET AL.,**                                         **PLAINTIFFS,**

**V.**                                   **MEMORANDUM OPINION AND ORDER**

**KEYSTONE SPORTING ARMS, INC. and**
**WILLIAM MCNEAL,**                                        **DEFENDANTS.**

* * * * * * * * * *

This matter is before the court on the plaintiffs' motion to dismiss the defendant William McNeal's counterclaims[1] pursuant to Rule 12 of the Federal Rules of Civil Procedure (DE 7).  The court, having reviewed the record and being otherwise sufficiently advised, will deny the plaintiffs' motion.

When resolving a motion to dismiss, the court must consider the pleadings in the light most favorable to the party asserting the claim and take that party's factual allegations as true.  *Jones v. Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993).  In addition to the counterclaims, the court may also consider documents incorporated therein.  *In re Colonial Mortgage Bankers Corp.*, 324 F.3d 12, 15 (1st Cir. 2003).

**Background**

In support of their claims for breach of contract, the defendants allege that

---

[1] The plaintiffs' motion is inconsistent as to whether it is directed only to the defendant William McNeal or to both defendants.  The court notes that the waiver, by its plain language, applies only to McNeal, and does not prevent Keystone from asserting counterclaims in the event of breach.  Therefore, the court's discussion will refer to the motion as seeking dismissal of the counterclaims only insofar as they are asserted by McNeal.

the parties entered into a settlement agreement, which obligated the defendant

Keystone Sporting Arms ("Keystone") to sell 1,500 .22 caliber rifles to the

plaintiffs.  Countercl., ¶ 4.  The plaintiffs notified Keystone that some of the rifles it

had sent did not conform to the specifications of the agreement, and Keystone

thereafter sent 154 conforming rifles and demanded return of the non-conforming

ones.  Countercl., ¶¶ 5, 6.  The plaintiffs claimed that only 96 of the replacement

rifles were conforming.  Countercl., ¶ 7.

The plaintiffs did not return any of the rifles, which Keystone alleges

constituted acceptance of all of the rifles, and did not pay for the replacement

rifles.  Countercl., ¶¶ 8-10.  The plaintiffs also attempted to sell rifles they acquired

from Keystone, in violation of the settlement agreement.  Countercl., ¶ 14.

In addition to the above claims of wrongfully retaining and marketing

Keystone rifles, the defendants assert claims against the plaintiffs for

cybersquatting, common law unfair competition, federal trademark infringement,

metatag misdirection, false advertising, and trademark dilution.  These claims arise

out of the plaintiffs' alleged use of the Keystone marks "Crickett" and "Davey

Crickett" in marketing rifles on the plaintiffs' website.  *See, e.g.*, Countercl., ¶¶ 17-

20.

The plaintiffs moved to dismiss the defendants' counterclaims based on a

Guaranty of Settlement ("Guaranty") signed by McNeal.  The Guaranty was

intended to cure an alleged default by the defendants under the Settlement

Agreement.  Answer, ¶ 22.  The Guaranty provides that, if Keystone defaults under the settlement agreement, McNeal "shall pay or perform the Keystone Obligations so in default, as applicable, without offset, deduction or counterclaim."[2]  Guaranty, ¶ 1.  The plaintiffs argue that by this provision of the Guaranty, McNeal contractually waived his right to assert counterclaims and that the counterclaims should therefore be dismissed.

**Legal Analysis**

Rule 12(b)(6) dismissal can be granted only when the defendants establish beyond doubt that the plaintiffs can prove no set of facts in support of their claims that would entitle them to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  Although affirmative defenses are not typically grounds for Rule 12 dismissal, they may support dismissal if (1) the facts establishing the defense are evident from the allegations of the complaint, and (2) those facts conclusively establish the validity of the defense.  *Colonial Mortgage Bankers*, 324 F.3d at16; *see also Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178, 181 (4th Cir. 1996); *Cross v. Lucius*, 713 F.2d 153, 156 (5th Cir. 1983); *Basile v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 551 F. Supp. 580, 591 (S.D. Ohio 1982).  Dismissal of a complaint based on the existence of an affirmative defense is irregular.  *United States v. N. Trust Co.*,

---

[2] This court's consideration of the Guaranty is proper because the Guaranty is relied upon in the defendants' answer and counterclaim.  Furthermore, the answer states that "the terms of the Guaranty of Settlement Agreement speak for themselves," thereby eliminating any dispute regarding the Guaranty's contents. Answer, ¶¶ 28, 29.

3

372 F.3d 886, 888 (7th Cir. 2004). A court cannot resolve disputed facts when ruling on a motion to dismiss. *In re Adams Golf, Inc., Sec. Litig.*, 381 F.3d 267, 274 (3d Cir. 2004); *DiGigan, Inc. v. iValidate, Inc.*, 2004 WL 203010, at *2 (S.D.N.Y. Feb. 3, 2004).

The plaintiffs' claim that McNeal waived the right to assert counterclaims is an affirmative defense. Fed. R. Civ. P. 8(c). Although the existence of the waiver clause itself is apparent, the facts alleged in the counterclaims do not establish that the waiver applies in this instance. The instant situation is distinguishable from that in *Middletown Plaza Assocs. v. Dora Dale of Middletown, Inc.*, where a lease provision barring counterclaims to "any proceeding" to collect rent supported dismissal under Rule 12. 621 F. Supp. 1163, 1166 (D. Conn. 1985). The waiver applies only if Keystone defaulted under the settlement agreement. Whether Keystone breached the settlement agreement is a question of fact, which the court cannot resolve at this stage of the litigation.[3]

Because the plaintiffs' affirmative defense of contractual waiver of counterclaims is not a proper basis for dismissal in this case, the court need not decide whether the counterclaims are permissive or compulsory and whether the waiver provision of the Guaranty is enforceable. Accordingly,

**IT IS ORDERED** that the plaintiffs' motion to dismiss the defendant William

---

[3] Even if the court treated the plaintiffs' motion as seeking dismissal of the counterclaims as to both defendants, the same reasoning would prevent dismissal as to Keystone as well as McNeal.

4

McNeal's counterclaims (DE 7) is **DENIED**.

Signed on October 5, 2005

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY